# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:11-cv-327-RJC

| | |
|---|---|
| QUALO MARTEZ LOWERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DOUGLAS MOORE; JOHN FISH; ) | |
| and TERRENCE MITCHELL, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Appoint Counsel, (Doc. No. 2), and Motion for Court to Issue Service of Process, (Doc. No. 8). Having considered such motions and conducted an initial review of the Complaint as required by 28 U.S.C. § 1915, the Court enters the following findings, conclusions, and Order.

**I.  Appointment of Counsel**

First, as to Plaintiff's motion for appointment of counsel, there is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion for Appointment of Counsel is denied.

**II.  Service of Process**

Plaintiff has also requested that, having allowed him to proceed in forma pauperis, the Court direct that process be served on Defendants at government expense. While such is a fair request, Section 1915 requires that this Court first conduct an initial screening of the Complaint to determine whether Plaintiff has stated any colorable claims under Section 1983 that would warrant further expenditure of taxpayer resources.

The Court has carefully reviewed Plaintiff's Complaint. At the heart of Plaintiff's contentions is that Defendants violated his procedural due process protections under the Fifth and Fourteenth Amendments of the United States Constitution in securing state and federal court criminal convictions against him.[1] In various parts of the Complaint, Plaintiff contends that Defendants engaged in various acts in furtherance of the prosecutions against him that were unlawful. Read in a light most favorable to Plaintiff, he is bringing a civil rights claim under 42 U.S.C. § 1983 for violation of his federal due process rights.

The interplay between a state and/or federal conviction[2] and Section 1983 is governed by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Thus, even if this Court had subject matter jurisdiction, the claim would not be cognizable under Section 1983, as Plaintiff has not alleged in his Complaint that his underlying conviction or convictions were invalidated. Indeed, Plaintiff asks this court to

---

[1] The court notes that because subject-matter jurisdiction is a threshold issue, the statutes of limitation and repose have not been considered.

[2] See United States v. Lowery, 3:05cr216-RJC.

> Issue a declaratory judgment that the defendant . . . violated the U.S. Constitution and state law when he . . . Mischarged plaintiff in a Federal Indictment . . . .

(Doc. No. 1 at 21: Complaint). Thus, Heck provides that this Section 1983 claim cannot survive where the conviction being challenged has not been overruled or otherwise invalidated. 512 U.S. at 486-87.

Finally, the Court has considered the other allegations of the Complaint, which include contentions surrounding Plaintiff's arrest in December 2002. In particular, Plaintiff contends that on the night he was arrested, December 12, 2002, one of the named Defendants slammed him to the ground, broke his ribs, and failed to secure any medical help for him. See (Doc. No. 1: Complaint at ¶¶ 55-72). Plaintiff also alleges that arresting officers took items, such as personal photos of "the entertainer Russell Simmons," and later used those items against him at trial. (Id. at ¶¶ 36-41). Even if the Court were to liberally construe such contentions as claims for excessive force and a deprivation of personal property, respectively, such claims are patently based on alleged acts that occurred nearly nine years before Plaintiff filed the instant Complaint. Applying the North Carolina three-year statute of limitations for personal injury actions to those § 1983 claims, such claims would be time-barred as outside the applicable three-year period. As such, they will be dismissed under 28 U.S.C. § 1915. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (noting that a court may raise the issue of whether an action is time-barred sua sponte in cases filed under § 1915).

### III. Conclusion

Having conducted a preliminary review of the Complaint in accordance with 28 U.S.C. § 1915(e)(2), and it appearing from the face of the Complaint that some of Plaintiff's claims are barred under Heck, and that the remaining claims are time-barred, the Court will dismiss the Complaint as frivolous.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Appoint Counsel, (Doc. No. 2), is **DENIED**;

3

2. Plaintiff's Motion for Court to Issue Service of Process, (Doc. No. 8), is **DENIED**; and

3. This action is **DISMISSED**. Those claims that are barred under <u>Heck</u> are dismissed without prejudice; all others are dismissed with prejudice.

Signed: February 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge